O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| YVETTE PINSON, individuals, on behalf of themselves and all others similarly situated,<br><br>                    Plaintiff,<br><br>        v.<br><br>AMERICA'S WHOLESALE LENDER, as the Original Lender; CTC REAL ESTATE SERVICE, as the Original Trustee; et al.<br><br>                    Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CV 12-02028 DDP (MANx)<br><br>**ORDER TO SHOW CAUSE RE: RICO CLAIMS** |

In this action, Plaintiff's only federal claims are for violations of the Racketeer Influenced and Corrupt Organizations provisions of the Organized Crime Control Act of 1970, 18 U.S.C. § 1961, et seq. ("RICO"). The Court hereby orders Plaintiff to file a "RICO Case Statement" on or before Friday, June 29, 2012. Failure to respond to this Order will result in the dismissal with prejudice of all RICO claims for relief.

The RICO Case Statement shall include the facts that Plaintiff relies on to support her RICO claims for relief. It shall use the

1  numbers and letters set forth below, and for each claim for relief

2  state in detail and with specificity the following information:

3  1.   RICO Provision.   State whether the alleged unlawful conduct is

4       in violation of 18 U.S.C. §§ 1962(a), (b), (c), and/or (d).

5  2.   Defendants.   List each RICO defendant and state the alleged

6       misconduct and basis of liability of each defendant.

7  3.   Other RICO Violators.   List all alleged RICO violators, other

8       than the defendants listed above, and state the alleged

9       misconduct of each wrongdoer.

10 4.   Victims.   List the alleged victims and state how each victim

11      was allegedly injured.

12 5.   Pattern of Racketeering Activity.   Describe in detail the

13      pattern of racketeering activity or collection of unlawful

14      debts alleged for each RICO claim.   A description of the

15      pattern of racketeering shall include the following

16      information:

17      a.   List the alleged predicate acts and the specific statutes

18           which were allegedly violated;

19      b.   Provide the dates of the predicate acts, the participants

20           in the predicate acts, and a description of the facts

21           surrounding the predicate acts;

22      c.   If the RICO claim is based on the predicate offenses of

23           mail fraud, wire fraud or fraud in the sale of

24           securities, the "circumstances constituting fraud or

25           mistake shall be stated with particularity."  Fed. R.

26           Civ. P. 9(b) (Identify the time, place and contents of

27           the alleged failures to disclose and/or

28           misrepresentations, and the identity of persons to whom

1    and by whom the alleged misrepresentations and/or
2    failures to disclose were made);
3    d.   State whether there has been a criminal conviction for
4         violation of the predicate acts and if so, provide
5         particulars;
6    e.   State whether civil litigation has resulted in a judgment
7         with respect to the predicate acts and if so, provide
8         particulars; and
9    f.   Describe how the predicate acts are both "related" and
10        "continuous" within the meaning of H.J. Inc. v.
11        Northwestern Bell Telephone Co., 492 U.S. 229, 239
12        (1989), and its progeny, including Allwaste, Inc. v.
13        Hecht, 65 F.3d 1523, 1527 (9th Cir. 1995).
14   6.   Enterprise.  Describe in detail the alleged enterprise and
15        specify what structure it had.  A description of the
16        enterprise shall include the following information:
17        a.   The names of the individuals, partnerships, corporations,
18             associations or other legal entities that allegedly
19             constitute the enterprise;
20        b.   Whether any named defendants are or were employees,
21             officers or directors of the alleged enterprise;
22        c.   Whether you are alleging that the defendants are or were
23             separate from the alleged enterprise, collectively
24             constitute the enterprise itself, or are or were members
25             of the enterprise; and
26        d.   Whether (and if so how) the enterprise was affected by or
27             benefitted from the pattern of racketeering activity.
28

7. <u>Interstate or Foreign Commerce</u>. Describe the effect of the activities of the enterprise on interstate or foreign commerce.

8. <u>Section 1962(a)</u>. If the complaint alleges a violation of 18 U.S.C. § 1962(a), provide the following information:

    a.    State who received the income derived from the pattern of racketeering activity or through the collection of an unlawful debt; and

    b.    Describe the use or investment of such income.

9. <u>Section 1962(b)</u>. If the complaint alleges a violation of 18 U.S.C. § 1962(b), provide the following information:

    a.    Describe in detail the acquisition or maintenance of any interest in or control of the alleged enterprise; and

    b.    State whether the same entity is both the liable "person" and the "enterprise" under § 1962(b).

10. <u>Section 1962(c)</u>. If the complaint alleges a violation of 18 U.S.C. § 1962(c), provide the following information:

    a.    State who is employed by or associated with the enterprise; and

    b.    State whether the same entity is both the liable "person" and the "enterprise" under § 1962(c).

11. <u>Section 1962(d)</u>. If the complaint alleges a violation of 18 U.S.C. § 1962(d), describe in detail the alleged conspiracy.

12. <u>Injury to Business or Property</u>.

    a.    Describe the alleged injury to business or property; and

    b.    Describe the direct causal relationship between the alleged injury and the violation of the RICO statute.

13.   <u>Damages</u>.   List the damages sustained for which each defendant is allegedly liable.

IT IS SO ORDERED.


Dated: June 21, 2012

DEAN D. PREGERSON
United States District Judge